UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 14-20814
                                                      Honorable Victoria A. Roberts

STEVEN SMITH,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE [ECF No. 53]

### I.    INTRODUCTION & BACKGROUND

This matter is before the Court on Defendant Steven Smith's renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The motion is fully briefed.

Smith asks the Court to grant him a compassionate release because his medical conditions (diabetes and obesity) make him particularly vulnerable to the COVID-19 pandemic – especially considering that his new prison facility, FCI Fort Dix, is experiencing an outbreak of infections and has dormitory-style housing which makes social distancing impossible. The number of COVID cases at Fort Dix went from three inmate cases on October 5th to 30 inmate and 8 staff cases on October 26th to 238 inmate and 18 staff cases on *both* November 17th *as well as* November 20th.

That the number of cases remained the same from November 17 to November 20 demonstrates a likelihood of delayed reporting or lack of testing.

In an August 26, 2020 Order, the Court denied Smith's original motion for compassionate release. Although Smith exhausted his administrative remedies and demonstrated that his underlying medical conditions constituted extraordinary and compelling reasons for compassionate release, the Court found Smith's release plan insufficient to protect the community because it involved returning to the same environment in which he committed his offense. The Court also found that releasing Smith would create a sentence disparity between him and his son and would be unfair to his son, who has served longer in prison for a less egregious and related offense.

The Court incorporates all relevant background information from the August 26 Order here and includes below only new information relevant to Smith's renewed motion.

For the reasons below, the Court **GRANTS** Smith's motion.

## II.   DISCUSSION

The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative

2

remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).

Smith exhausted his administrative remedies, and it is undisputed that Smith's diabetes and obesity constitute extraordinary and compelling reasons for his release.  The only matters at issue are whether Smith is a danger to the community and whether the § 3553(a) factors support Smith's release.

### A.   Under His New Release Plan, Smith is Not a Danger to the Community

Section 1B1.13(2) of the Sentencing Guidelines only permits compassionate release if "the defendant is not a danger to the safety of any other person or to the community."  USSG § 1B1.13(2); *Austin*, 2020 WL 2507622, at *1.  An evaluation of dangerousness in this context requires a comprehensive view of community safety – "a broader construction than

3

the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989).

In his original motion, Smith proposed returning to the same environment in which he committed his offense – where he would live with his wife and teenage son. The Court found that that release plan did not adequately protect the community from a subsequent child pornography offense because: (1) the Probation Department would not be able to implement or monitor internet and device restrictions; (2) his wife never prevented Smith from downloading child pornography when he lived with her before; (3) Smith has not completed a rehabilitative sex offender program; and (4) considering that Smith influenced his now-adult son to view child pornography when he was a teenager, a release to his home where his 16-year-old son resides opens the door to the same corrupting danger to his teenager.

Smith offers an alternative release plan in his renewed motion. He proposes to live with his mother, Theresa Smith, and her adult daughter in a three-bedroom home in Wolverine Lake, Michigan. The house is near Smith's family home and his church, enabling his wife and teenage son – as well as the members of his church community – to provide support and hold him accountable.

4

The Court finds that Smith's new release plan alleviates the concerns it had with Smith's previous plan. Smith will not return to the same environment in which he committed his offense, and since he will not live with his 16-year-old son, it is less likely he will be a corrupting influence.

With respect to the Probation Department's supervision, the Court acknowledges that it previously was misinformed about the ability of the Probation Department to implement internet and device monitoring restrictions. Probation is able to implement and supervise the monitoring software.

Finally, Smith has not completed a rehabilitative sex offender program. However, no such program is even available at Fort Dix, and Smith said he will participate in a non-residential program as part of the terms of his release. Since Fort Dix does not offer a sex offender treatment program, Smith will "better be able to access treatment outside of BOP custody." *See United States v. Weikel*, No. 16-cr-20659, ECF No. 84, PageID.1198 (E.D. Mich. Nov. 13, 2020).

Moreover, Smith complied with all conditions of pretrial release. The BOP assessed that he presented a minimum risk of recidivism. And, Smith has been a model prisoner. In light of this, and considering the alternative release plan and the available conditions of supervised release, the Court

believes that Smith will comply with the conditions of supervised release and not be a danger to the community.

### B. The § 3553(a) Sentencing Factors Support Smith's Release

When the Court denied Smith's original motion, it noted that Smith had not yet served half of his sentence. Now, based on his expected release date of May 10, 2025, Smith has served over half of his sentence; he has served approximately 57 months, and he has just over 53 months remaining until his expected release date. The Court finds that this period of incarceration has sufficiently deterred future criminal conduct, afforded just punishment, and promoted respect for the law – especially considering that he has been forced to endure conditions placing him at greater risk to contract COVID-19 and knowing that if he violates the conditions of his release or commits another offense, he will return to prison and face increased COVID-19 exposure.

Moreover, while the Court found releasing Smith would create a sentence disparity between him and his son and would be unfair to his son, this condition no longer weighs against Smith's release. Smith's son supports his father's release. Additionally, § 3553(a)(6) warns courts to avoid *unwarranted* sentencing disparities. A sentence disparity here is not unwarranted because, as his son acknowledges, Smith's medical

6

conditions make him particularly vulnerable to COVID-19 and increase his risk for severe illness or death if he contracts the virus. Smith's son, on the other hand, does not have any underlying medical conditions that make him particularly vulnerable to COVID-19.

The § 3553(a) factors weigh in favor of Smith's release.

### III. CONCLUSION

For the reasons above, the Court **GRANTS** Smith's renewed motion for compassionate release [ECF No. 53].

Under 18 U.S.C. § 3582(c)(1), the Court "may reduce [Smith's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." 18 U.S.C. § 3582(c)(1)(A).

The Court **REDUCES** Smith's term of imprisonment to **TIME SERVED**.

The Court orders that Smith be **IMMEDIATELY RELEASED** to the Eastern District of Michigan to begin his five-year term of **SUPERVISED RELEASE**, as outlined by the January 12, 2016 Judgment [ECF No. 30]. In addition to the conditions of supervised release set forth in the Judgment [ECF No. 30, PageID.132-33], the Court imposes the following additional conditions:

7

1.  Upon release from custody, Smith must immediately report to his mother's home and quarantine there for 14 days;

2.  Smith must comply with any applicable federal, state or local stay-at-home orders, social distancing guidelines, or other public health restrictions; and

3. If Smith uses or has access to any device that has the ability to access the internet, he and his family members have a duty to inform the Probation Department of his use and/or access to that device, and that device must be made subject to the computer/Internet Monitoring Program administered by the Probation Department.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated:  November 20, 2020